IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2001 Session

## CALSONIC YOROZU CORPORATION, INC. v. FORKLIFTS UNLIMITED, L.L.C.

**Appeal from the Chancery Court for Warren County**
**No. 7418      Charles D. Haston, Chancellor**

---

**No. M2000-02647-COA-R3-CV - Filed January 30, 2002**

---

Calsonic Yorozu Corporation, Inc., appellee, sought declaratory judgment relieving it of its duties under contract to Forklifts Unlimited, L.L.C., appellant. Appellee filed a motion for summary judgment, which the trial court granted. Because we think the defendant was denied a reasonable opportunity for discovery we reverse the summary judgment granted by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and JOHN A. TURNBULL, SP.J., joined.

George E. Copple, Nashville, Tennessee, for the appellant, Forklifts Unlimited, L.L.C.

B. Timothy Pirtle, McMinnville, Tennessee, for the appellee, Calsonic Yorozu Corporation, Inc.

**OPINION**

**I.**

Appellee, was interested in leasing several forklifts. Appellant, arranged for appellee to lease 32 forklifts from Leasing One Corporation ("Leasing One"). In this transaction, appellee was termed the lessee, Leasing One was termed the lessor and appellant was termed the vendor. The lease agreement entered into March 12, 1998, has a provision at the very top stating, "This lease is non-cancellable for the term indicated." The lease term was described as sixty months, and then, later, in the fine print, this provision appeared: "The term of this lease with respect to each item of Equipment, (the Term) shall commence on the date which is described on the Lease Agreement and or, any Schedule attached hereto, and shall terminate on the last day of the period of months so stated in the Lease Agreement or Schedule, unless earlier terminated."

In contemplation of the leasing transaction, appellee and appellant entered into the "Maintenance Agreement On-Site" contract on October 24, 1997. This contract provided for appellant to have the exclusive right to maintain and repair the leased forklifts for the entire five year term of the contract. Under the contract, appellee would pay appellant monthly payments for the maintenance and repair. The term in the Maintenance Agreement On-Site is explained in the following manner, "The term on each unit of equipment shall be specified in the equipment lease agreement." Then, the agreement goes on to provide that "Customer agrees to pay maintenance cost of $119,352.00 per year, during years 1, 2, 3, 4 and 5 of this agreement."

On June 28, 2000, the appellee filed a complaint for declaratory judgment. In this complaint, the appellee stated that it wanted to replace its forklifts and, therefore, wanted to be relieved of its obligations under the maintenance agreement. On August 15, 2000, the appellee filed a motion for summary judgment. This motion called for the motion to be heard on September 15.

The appellee also filed a statement of undisputed facts with the motion for summary judgment. In the statement of undisputed facts, the appellee referenced a provision in the Lease Agreement which stated that the lease is a "Net Lease: Obligation to Pay Rent Unconditional." The appellee then stated that its payment of the full amount of rents due under the lease would terminate the lease agreement. According to the appellee, when the lease agreement ends, the maintenance agreement would also end due to its reference to the lease agreement in the term provision.

The appellant filed three documents on September 5, 2000: (1) an answer and counterclaim; (2) a motion for extension of time to respond to plaintiff's motion for summary judgment and (3) a motion for scheduling order. The counterclaim demanded a judgment against appellee for breach of contract, contractual attorney's fees, interest, and court costs. In the motion for extension of time, the appellant argued that the motion for summary judgment was filed 35 to 40 days after the complaint was served. Appellant then stated that no discovery had been taken up to that point, and the summary judgment motion should not be heard until discovery had been taken. The appellant's attorney also included in his affidavit that he would be on vacation in France September 7 to September 17.

The trial court then filed an order on September 13, 2000, ordering an extension of time to reply to the motion for summary judgment to September 18 and that the hearing on the motion for summary judgement be moved to September 19. The trial court did not address appellant's argument concerning the lack of discovery leading up to the hearing on the motion for summary judgment.

On September 22, 2000, the trial court filed an order granting the appellee's motion for summary judgment.

## II.

Summary judgment is appropriate only when there are no material facts in dispute and the movant is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). In this case the plaintiff was entitled to summary judgment only if the contract between the plaintiff and

the defendant was susceptible to only one interpretation: that the plaintiff could terminate the contract by cancelling the lease with Leasing One Corporation.

The cardinal rule for the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention, consistent with legal principles. *Galleria Associates, L.P. v. Mogk*, 34 S.W.3d 874, 876-77 (Tenn. Ct. App. 2000). The interpretation of an unambiguous written contract is a question of law for the court, *Williamson County Broadcasting Co., Inc. v. Intermedia Partners*, 987 S.W.2d 550, 552 (Tenn. Ct. App. 1998), but to arrive at the parties' intention it is permissible to consider circumstances of the parties at the time the contract was formed. *Pinson & Associates Ins. Agency, Inc. v. Kreal*, 800 S.W.2d 486, 487 (Tenn. Ct. App. 1990).

In this case the maintenance agreement says that the term of each unit shall be as specified in the equipment lease agreement and that the plaintiff would pay $119,352 for each of five years. When we refer to the equipment lease agreement we find (1) that it is for a period of five years, (2) that it says it is non-cancelable for the term stated, and (3) that it further says that it will terminate on the last day of the period of months so stated "unless earlier terminated." We think that taking the two documents together it leaves the question of when and for what reason the maintenance agreement would terminate in considerable doubt.

That is where the right to discovery becomes important. Although the defendant did not plead an ambiguity in the two agreements relative to the length of the maintenance agreement, the circumstances surrounding the execution of the two agreements are still relevant to the intent of the parties. Under Tenn. R. Civ. Proc. 26.02(1), parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved. The rule also provides that the information sought need not be admissible, only that it appears reasonably calculated to lead to the discovery of admissible evidence. These provisions encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Price v. Mercury Supply*, *Co.*, 682 S.W.2d 924, 935 (Tenn. Ct. App. 1984).

Therefore, we hold that the trial judge erred in granting summary judgment to the plaintiff without giving the defendant a reasonable opportunity to engage in discovery. The plaintiff argues that the defendant could have conducted discovery at any time after being served with process, Tenn. R. Civ. Proc. 30, but the defendant's answer was not filed until September 5, 2000 and the defendant moved at the same time for a scheduling order. The record does not contain any notice to the defendant prior to August 15 when the plaintiff filed its motion for summary judgment that the plaintiff expected to accelerate the proceeding. We do not think the defendant had a fair chance to exercise its right to conduct discovery.

The judgment of the court below is reversed. The cause is remanded to the Chancery Court for Warren County for further proceedings consistent with this opinion. Tax the costs on appeal to Calsonic Yorozu Corporation.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.